[767 NYS2d 319]

In the Matter of BENNETT LEADER, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, October 2, 2003

### APPEARANCES OF COUNSEL

*Susan M. Eagan, Associate Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Bennett Leader*, Williamsville, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on November 13, 1957, and maintains an office for the practice of law in Williamsville. The Grievance Committee filed a petition charging respondent with acts of misconduct including neglect. Respondent filed an answer admitting the allegations of the petition, and he appeared before this Court to submit matters in mitigation.

Respondent admits that he neglected the matters of three matrimonial clients and that he failed to execute written retainer agreements and provide the clients with a statement of client's rights and responsibilities.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-106 (c) (2) (ii) (22 NYCRR 1200.11 [c] [2] [ii])—entering into an arrangement for, charging or collecting a fee in a domestic relations matter without executing a written retainer agreement signed by the lawyer and client setting forth in plain language the nature of the relationship and the details of the fee arrangement;

DR 2-106 (f) (22 NYCRR 1200.11 [f])—failing to provide a prospective client in a domestic relations matter with a statement of client's rights and responsibilities at the initial conference and prior to the signing of a written retainer agreement; and

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him.

Additionally, we find that, by failing to provide his clients with a statement of client's rights and responsibilities and failing to execute written retainer agreements, respondent violated 22 NYCRR 1400.2 and 1400.3, which set forth procedures for attorneys in domestic relations matters.

We have considered the matters submitted by respondent in mitigation, including his severe hearing loss, his expression of remorse and his efforts to revise his office procedures in matrimonial matters in order to conform to the rules. Accordingly,

after consideration of all of the factors in this matter, we conclude that respondent should be censured.

GREEN, J.P., WISNER, SCUDDER, GORSKI and LAWTON, JJ., concur.

Order of censure entered.